[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13220
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20337-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO CABRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 28, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Rogelio Cabrera appeals his convictions and sentences imposed for conspiracy to transport stolen goods, receiving or possessing stolen goods, and knowingly transporting stolen goods. Cabrera asserts two issues on appeal. He claims (1) the evidence was insufficient to support his convictions, and (2) the district court erred in denying his motion for a two-level reduction in his offense level based on his minor role in the offense. We conclude there was sufficient evidence to support Cabrera's convictions and that the district court did not err in denying Cabrera a minor-role reduction. Accordingly, we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

We review the district court's denial of a motion for acquittal based on sufficiency of the evidence *de novo*, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict." *United States v. Schier*, 438 F.3d 1104, 1107 (11th Cir. 2006). A jury is free to disbelieve a defendant's testimony and consider any false explanation he gives for his behavior as substantive evidence of his guilt. *United States v. Williamson*, 339 F.3d 1295, 1301 n.14 (11th Cir. 2003).

A. *Conspiracy*

Cabrera first challenges the sufficiency of the evidence to support his conviction for conspiracy to transport stolen goods in interstate commerce. To

prove Cabrera violated 18 U.S.C. § 371, the Government was required to show (1) Cabrera conspired with at least one other person to "to achieve an unlawful objective;" (2) Cabrera knowingly and voluntarily participated in the conspiracy; and (3) an overt act was committed to further the conspiracy. *See United States v. Harmas*, 974 F.2d 1262, 1267 (11th Cir. 1992). Because conspiracy offenses are "predominately mental in composition," the government may rely on circumstantial evidence to demonstrate a meeting of the minds. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1182 (11th Cir. 2006). Presence and association, while not controlling, are probative of conspiracy and may be considered by the jury. *United States v. Lluesma*, 45 F.3d 408, 410 (11th Cir. 1995).

Cabrera claims his conviction rested solely on evidence that he associated with the persons who robbed the warehouses. He claims there was no evidence he actually knew about or participated in the conspiracy to steal the merchandise. However, Cabrera admits to driving the other conspirators from Florida to Texas and renting a hotel room for them over the weekend of the break-in. He was found with the co-conspirators in the warehouse area near the time of the break-in while in possession of burglary tools. He was also tied to the truck used to transport stolen goods back to Florida. Drawing inferences in the Government's

3

favor, a reasonable jury could conclude that Cabrera was a knowing participant in the conspiracy to steal from the warehouses.

B.    *Receiving and Transporting Stolen Goods*

Cabrera next disputes the sufficiency of the evidence to support his convictions for receiving stolen goods under 18 U.S.C. § 2315, and transporting stolen goods under 18 U.S.C. § 2314.  To support a conviction under each of these statutes, the Government was required to show Cabrera knew the goods in question were stolen.  *See* 18 U.S.C. §§ 2314,  2315.

Cabrera contends the evidence was insufficient to demonstrate that he knew the goods were stolen.  Cabrera's association with the other robbers in the area of the break-in near the time of the crime while in possession of the type of tools needed to accomplish the theft, along with his failure to offer a plausible alternative explanation as to his reason for traveling from Florida to Texas with the other robbers on the weekend of the crime, was sufficient to allow a reasonable jury to conclude that Cabrera knew the goods in question were stolen.  Having found the evidence sufficient to support the jury's verdict on all three counts, we affirm Cabrera's convictions.

## II. ROLE IN THE OFFENSE

We review for clear error the district court's denial of an offense-level reduction requested for a mitigating role in an offense. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The district court's factual findings may be based on evidence at trial, undisputed statements in the Presentence Investigation Report (PSI), and evidence at the sentencing hearing. *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).

The Sentencing Guidelines provide that, with regard to the offense level, "if the defendant was a minor participant in any criminal activity, decrease by 2 levels." U.S.S.G. § 3B1.2(b). A minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. 5. The proponent of an adjustment bears the burden of proving his sentence should be reduced to reflect his role in the offense by a preponderance of the evidence. *De Varon*, 175 F.3d at 939.

The PSI found Cabrera rented a hotel room and a vehicle on behalf of the conspiracy. It also noted the conspiracy's ring leader stated that Cabrera personally helped break into the warehouse. Cabrera did not object to those findings. We thus conclude the district court did not clearly err in finding that

Cabrera did not qualify for a minor role reduction.  We, accordingly, affirm his sentence.

**AFFIRMED.**